Reese, J.
delivered the opinion of the court.
This is an action against a portion of the heirs of a war-rantor, in a deed of bargain and sale, after an eviction of the bargainee; and the question is — whether the writ should not have been sent out against all the heirs? and, whether if any of them could not have been found, or were citizens of another state, the legal means,in force in this state, should nothave been exhausted, by like issuance and return of an alias and a plu-ries writ, before the plaintiff would be at liberty to proceed against that portion of the heirs, upon whom process may have been served?
We think all the heirs should have been sued. They all constitute but one representative of the ancestor. The claim against them is joint, and of that character to be uneffected by the provisions of our act of Assembly, 1789, c 57, making certain liabilities joint and several. They must, therefore, all have been sued.
But it is argued with much force and ingenuity, that, as the process of outlawry does not exist in this state, to issue a writ, and an alias and pluries, steps necessary before a party could, in England, be outlawed, would be useless here. The practice, however, has always been followed with us, and it was sanctioned by the early case of Sherwood, vs. Davis, in 1 Haywood, 283, and has never been departed from. The evil of the delay, which the practice produces, is perhaps more than counterbalanced by the chance furnished of *141 the non-resident party coming within the jurisdiction of the court, before the return of the pluries.
Note Though heirs in our law, who aro in by descent, are tenants in common, yet they are so far like coparceners at common law, that they are quasiunum corpus; one of them is not part of an heir, but all of them are but unus-lucres. Co. Lit. b. 163, Lit. § 313.
As to the process necessary to enable the plaintiff to declare against those not served, besides the case in 1 Haywood, see Anonymous, 2 Haywood, 70; Price vs. Scales, 2 Murphy, 199; and the analagous case, Whitaker vs. Young, 2 Cowen, 569. Where there are two defendants, and only one has appeared oris in custody, then after proceeding to outlawry against the other, it is the practice to declare against him alone who has appeared, stating the outlawry of the other in the commencement of the declaration, 2 Archbold’s Pr. 178, 179; Lee’s Dictionary of Pr., Outlawry and capias utlagatum. After the outlawry, the outlaw was proceeded against by general or special capias utlagatum, whereby he or his estate was made liable to the satisfaction of the plaintiff’s demand, 2 Archbold’s Pr. 177, 178; 2 Lilly’s Ent. 465, 466; Archold’s Forms, 524. Quere, what proceedings can be had, by our law, against the party as to whom the alias and pluries have been returned non est inventus?
As to our common covenant of warranty, and the remedy thereupon. See 4 Kent’s Com. 468, to 480, and cases there referred to.
The Legislature has, by statute, 1784, c 11, § 4, adopted a similar practice in case of scire facias against heirs, requiring, as against the non-residents, the return of two nihils. The practice, in question, moreover, has been so Jong and so uniformly pursued, that if we deemed it inconvenient, and, at present, unsustained by the grounds which originally led to its adoption, we should hesitate to change it, but should refer those who might wish to do so, to the Legis-dative Department.
Let the judgment be affirmed.